CHARLES H. ROBNETT, Respondent, v. GRIESEDIECK BROTHERS BREWERY COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed March 7, 1922.

1. NEGLIGENCE Contributory Negligence: When Available as a Defense Though not Pleaded. The defense of contributory negligence is open to defendant though not pleaded as a defense, where under

Robnett v. Griesedieck Bros. Brew. Co.

the evidence adduced on the part of the plaintiff and which was the only evidence with respect to the cause of his injury, it appears that plaintiff was guilty of contributory negligence, as a matter of law, barring a recovery.

2. MASTER AND SERVANT: Duty of Master: Degree of Care Required of Servant. There is no obligation on the part of the master to take more care of the servant than he may reasonably be expected to do for himself, and the servant cannot maintain an action for injuries if his negligence was the direct, producing and efficient cause of the casualty.

3. ———: Negligence: Servant Leaving Cover Off of Hot Water Hole: Contributory Negligence. In an action for damages for personal injuries alleged to have been caused by plaintiff slipping on a greasy floor and falling into a hot water hole whereby his left leg was badly scalded, and the evidence shows that the material condition which caused plaintiff's injury was produced prior to the time of the accident by his own act or omission in that he removed the iron lid covering said hole and did not replace it, and thus created the unsafe place in which to do his work in that there was no danger of injury to plaintiff by reason of the hot water in the hole when the cover was on, but he made it dangerous by failing to replace the cover, *held* that the plaintiff was guilty of contributory negligence, as a matter of law, barring a recovery.

4. ———: ———: ———: Want of Means to Handle Cover: Not Proximate Cause of Injury. Where the servant's negligence in leaving the cover off of a hot water hole which he had removed for the purpose of getting to a valve to shut off exhaust steam was the direct and proximate cause of his injury, he cannot recover on the theory that the master failed to provide some arrangement by which the lid over the hole could have been easily handled, there being no evidence that the lid was hard to handle, and it appears that the servant had no difficulty in raising it and placing it against the wall and could as easily have replaced it, and there was no casual connection shown between the alleged failure and the injury.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Frank Landwehr*, Judge.

REVERSED.

*M. U. Hayden* for appellant.

(1)   Proof of the mere fact that the floor in the vicinity of the opening into which respondent's foot slipped was slippery, is not alone sufficient to entitle respondent to recover.   The further burden rested upon respondent to establish that appellant either knew, or by the exercise of ordinary care, would have known, of said condition of said floor, and that such negligence, if any, was the proximate cause of his injury.   Stagg v. Coffee Co., 169 Mo. 489; Purcell v. Tennant Shoe Co., 187 Mo. 276; Harper v. Terminal Co., 187 Mo. 575; Bluedorn v. Railway Co., 121 Mo. 258; Kane v. Railroad, 251 Mo. 13; Decker v. Railroad, 187 Mo. App. 207; Campbell v. Transit Co., 121 Mo. App. 406; Schmidt v. Transit Co., 140 Mo. App. 182; Glassock v. Dry Goods Co., 106 Mo. App. 657; Warner v. Railway Co., 178 Mo. 125.   (2)   It is not negligence on the part of a master to fail to take precautions against the happening of an accident which cannot reasonably be anticipated.   Ward v. Dry Goods Co., 248 Mo. 348; Fuchs v. City of St. Louis, 167 Mo. 620; Chandler v. Gas Co., 174 Mo. 321; Strode v. Box Co., 124 Mo. App. 511; Strode v. Box Co., 250 Mo. 695; American Brewing Ass'n v. Talbot, 141 Mo. 624; Benton v. St. Louis, 248 Mo. 98; Curtright v. Ruehmann, 181 Mo. App. 544; Dority v. Railroad, 188 Mo. App. 365.   (3)   Appellant in this case had the right, under the law of this state, to construct and maintain a conduit underneath the floor of the brewhouse in any manner in which it saw fit, provided it exercised ordinary care to construct and maintain said conduit in a reasonably safe condition. The inquiry in this case was not whether another plan of construction or another system of drainage, or any other method of operation of the conduit would have been safer, but whether the means adopted by appellant and the condition resulting therefrom were reasonably safe.   Therefore, it was error to admit, over the objection of appellant, evidence tending to establish that said

conduit might have been constructed more safely, or that some other system of drainage would have been safer. Steinhauser v. Spraul, 127 Mo. 541; Blundell v. Miller Mfg. Co., 189 Mo. 552; Chrismer v. Telephone Co., 194 Mo. 189; Brands v. Car Co., 213 Mo. 698; Sager v. Mining Co., 178 Mo. App. 503; Berning v. Medart, 56 Mo. App. 443; Minnier v. Railroad, 167 Mo. 99; Glover v. Meinrath, 133 Mo. 392; Coin v. Lounge Co., 222 Mo. 480; O'Dowd v. Railroad Co., 166 Mo. App. 660; Smart v. Railroad, 164 Mo. App. 61. (4) Where the ordinary and customary duties of an employee include the regular performance of certain work and the use of certain appliances, the master has the right to assume that the servant will exercise ordinary care in the performance of such duty and in the use of such appliances. The master may likewise rely upon the servant's exercising ordinary care for his safety in performing the intermediate tasks incidental to the duties of his employment. Pulley v. Oil Co., 136 Mo. App. 172; Slagel v. Lumber Co., 138 Mo. App. 432; Blundell v. Elevator Co., 189 Mo. 552; Omans v. Packing Co., 151 Mo. App. 557; Forbes v. Dunnavant, 198 Mo. 193; Modlagl v. Foundry Co., 248 Mo. 587, Vannest v. Railway Co., 181 Mo. App. 373, Pippin v. Construction Co., 187 Mo. App. 360, Labatt on Master & Servant (2 Ed.), sec. 1361, p. 3919; Miller v. Railroad, 175 Mo. App. 349, Williams v. Railroad, 257 Mo. 87; Knorpp v. Wagner, 195 Mo. 637. (5) Allegations of negligence in a petition in a suit of this character which are not embodied or referred to in the instructions submitted to the jury at the instance of the plaintiff, and concerning which the plaintiff does not request instructions, and concerning which the jury are not instructed, are deemed to have been abandoned. Keele v. Railway Company, 258 Mo. 62; Johnson v. Railroad, 259 Mo. 534, Rissler v. Railway, 183 S. W. 676; Bank v. Ogden, 188 S. W. 201; Sweet v. Bunn, 193 S. W. 897. (6) In a case where the petition alleges several acts of negligence which concur in producing an injury, and where,

as in this case, there is a failure of proof of some of the allegations of negligence, it is reversible error to submit the case to the jury without giving an instruction covering the case for the plaintiff and submitting the theory upon which he relies for a recovery. Eversole v. Railroad Co., 249 Mo. 523; Powell v. Railroad Co., 225 Mo. 420. (7) Instruction No. 6 was misleading and confusing, and in view of the circumstances in this case, and in view of the fact that there was no plea of contributory negligence interposed by appellant, the giving of this instructtion was reversible error. See authorities cited under Points 5 and 6. (8) The verdict is excessive.

*Earl M. Pirkey* for respondent.

(1) Nondirection is not error and the failure of plaintiff to request a general instruction is not error. Alexander v. Star-Chronicle Pub. Co., 198 S. W. 471. (3) Where plaintiff does not instruct on an issue in a case, he does not waive his right to receive a verdict on that theory. Sweet v. Bunn, 193 S. W. 898. (3) It is the duty of the master to furnish appliances of ordinary character and reasonable safety, and the former is the test of the latter. Coin v. Lounge Co., 222 Mo. 505. (4) When there is an issue as to whether a certain appliance or a certain plant furnished by the master to the servant is reasonably safe, one test allowed by the law is the use in that particular business, and hence testimony as to what is customary usage is directed to the issue and becomes significant. Knorp v. Wagner, 195 Mo. 659. (5) A witness familiar with an appliance and its operation may give his conclusion concerning the same, especially when the facts upon which such conclusion is based are given. Baker v. Schapp, 221 S. W. 747. (6) An objection to evidence on the ground that it is incompetent, immaterial and irrelevant is worthless even in a criminal case and error cannot be predicated on appeal on the overruling of the objection. State v. Crone, 209 Mo. 330.

BRUERE, C.— This is a suit to recover damages for personal injuries, received by plaintiff while in the employ of the defendant, and which plaintiff charges to defendant's negligence.

Te trial below resulted in a verdict and judgment for the plaintiff, and the case is here on defendant's appeal.

The allegations of the petition, with respect to the cause of the injury and the negligence charged, are in; substance as follows; That on the 16th day of June, 1918, plaintiff was in defendant's service at its brewery plant as an assistant engineer, and in the discharge of his duties was attempting to do some work on certain machinery, and to do this it was necessary that certain steam be turned off; that to turn such steam off it was necessary for plaintiff to raise up a part of the floor, consisting of a cover or lid over a hole or conduit in which there was a wheel to turn the same off; that at the time plaintiff was injured, and for a long space of time next prior thereto, it was not reasonably safe for plaintiff to do said work by reason of the fact that said hole had hot water in it, and the floor about said hole was slippery; that it was necessary to take the cover off the hole in order to reach said wheel to turn the steam off and that the steam had to be turned off to do said work; that said cover was hot and had no handle or other part by which it could be conveniently or safely moved while hot, and that there was no guard to prevent persons from slipping or falling into said hole when said cover was off.

The petition further charges that the defendant knew, or by the exercise of ordinary care would have known, of the above-mentioned matters and things in time by the exercise of ordinary care, to have rendered said hole free of said hot water and said floor clean and not slippery, and to have provided some arrangement by which said cover could have been easily handled whether hot or cold, and to have provided some guard around said hole to prevent persons from slipping or falling into it

when said cover was off and provided a means by which said steam could have been easily turned off or on without removing said cover from said hole before plaintiff was injured, and thus averted the injuries to plaintiff, but defendant negligently failed to do any of said things, but maintained said plant in the condition above mentioned, all without protection of any kind to plaintiff.

The petition further charges that on said 16th day of June, 1918, by reason of the negligence of defendant above mentioned, while plaintiff was near said hole and was engaged in the discharge of the duty of his said employment and by reason of the fact that said floor was not clean, but was slippery and said hole had hot water in it, and that it was necessary to remove said cover to turn off the steam and that said cover was hot and that there was no handle or other part or arrangement by which said cover could be conveniently handled when hot and that there was no guard to prevent a person from slipping into said hole when said cover was off, plaintiff slipped and fell into said hole, whereby his left leg was badly scalded and burned, etc.

The cause was put at issue by general denial.

The essential facts in the case, as to how the accident occured, are not in dispute. There were no eye-witnesses to the accident. The testimony of the plaintiff gives the only account of the occurence.

The facts disclosed by the evidence, introduced on the part of the plaintiff, are: At the time of the accident plaintiff was employed as an assistant engineer at defendant's brewery, and had been so employed about eight months prior to his injury. His working hours at the plant were from 3:00 o'clock in the afternoon until 11:00 o'clock at night. The accident happened between 8:30 and 9:00 o'clock on Sunday evening, June 16th, 1918. Adjoining the boiler room was the brewhouse, and in the brewhouse was the engine involved in this case. The engine stood about three feet from the south wall of the room, and was set east and west the long way. Under-

neath the floor between the south side of the engine and the south wall, there was a hole or conduit containing hot water, arising from exhaust steam. In the hole there were certain exhaust pipes and a valve by which the exhaust steam could be turned on or shut off. The hole was covered by an iron lid set flush in the floor. This lid weighed fifty five pounds and its dimension was 18 x 28½ inches.

On the day of the accident the governor valve on said engine was leaking and it became necessary for plaintiff, in the performance of his duties, to pack the valve. The valve was located on the south side of the engine, five to six feet from the floor, and immediately above the east edge or east end of the opening in the floor. In order to pack the governor valve it was necesssary to shut off the live steam from the engine and also the exhaust steam. With the above facts before us, plaintiff's testimony, pertaining to the accident, can be more readily understood.

Plaintiff testified that the hole in the floor was about eighteen inches wide, twenty-seven and a half inches long and twenty-seven inches deep; that during all the time he was working there, on the day he was injured, up to just a few minutes before he was hurt, the iron lid was over said hole and entirely covered it up; that before he proceeded to pack the governor valve he himself raised the lid; that while so doing he looked to see if there was any water in the hole, but did not see any; that after he got the lid off the hole he placed it against the south wall and then stooped down and turned a wheel, located in the hole, just beneath the floor, and which was fastened to the valve stem, thus shutting off the exhaust steam; that the valve was so hot that he had to place a rag in his hand in taking hold of it; that after shutting off the exhaust steam he straightened up and walked east to a chair, on which he had placed his tools and materials for packing the governor valve; that after getting these he walked west to the governor, faced north and stopped, standing with his left foot about

two or three inches east of the east edge or east end of the hole; that as he so stood he reached for the governor when his foot slipped into the hole, which was partially filled with hot water, and his left leg from his foot to his knee was burnt.

Plaintiff further testified that when he took the cover off the hole he looked at the floor, between the engine and the south wall, but did not see any grease there, that he thought "it was safe and all right;" that the floor about the hole, and at the place where he fell was greasy and that he judged this to be so because he slipped; that after he was hurt, on the day he was injured, he looked at the floor with a light and put his hands on the floor and felt a greasy spot about eight or ten inches wide located eight or ten inches east of the edge of the hole. He further testified that it was not his duty to clean the floor; that he saw the man in the brewhouse do this work on Saturdays, but how often he could not say, and that he had not noticed them clean the floor on the preceding Saturday. Plaintiff further testified that whenever one of the engines was running steam and water accumulated in the hole and that the water became cooking hot, caused by the exhaust steam; that the enignes were running on the day of the accident and had been running constantly for months prior thereto, and that the water had been in the conduit ever since he had been employed at the plant.

Charles Wack, a witness for the plaintiff, testified that after the accident he looked in the hole and saw water and grease in it, just about the level of the valve, and that it was not clean but smeary around it. He further testified that the brewery men did not clean up the day preceding the accident.

Arthur Koenig, testified for the plaintiff, that in the month of December, previous to the accident, he was working at defendant's plant and that he then saw water and grease in he hole and that at that time the lid over the hole had no handle or hinge to raise it up with.

Emil Edstrom and Robert Horstmann testified on behalf of the plaintiff and testified that in May, 1917, and two years prior to plaintiff's injury they saw boiling water in the hole and informed the defendant company of that fact and that thereafter a drain was put in but that it did not drain the water.

This was all the evidence introduced as to how the accident occurred.

Ed Wagner, Jr., defendant's foreman, testified that he personally had charge of the men who cleaned up the floor of the brewhouse on Saturday preceding the accident and that the floor was scraped and cleaned with slack lime. He further testified that there was always oil about a foot or so around the base of the engine.

At the close of all the evidence the defendant offered a demurrer to the evidence which the court refused.

Defendant contends that the trial court erred in not sustaining its demurrer. We are convinced that this contention is correct.

While contributory negligence is not pleaded as a defense in this case, yet this defense is open to the defendant, because, under the evidence adduced on the part of the plaintiff and which is the only evidence with respect to the cause of his injury, it clearly appears that plaintiff was guilty of contributory negligence, as a matter of law, barring a recovery.

The law requires the servant to use all ordinary care to avoid any injury to himself, that is to exercise that degree of care which a reasonably prudent person would use in order to avoid being injured. There is no obligation on the part of the master to take more care of the servant than he may reasonably be expected to do of himself. The servant cannot maintain the action if his negligence was the direct, producing and efficient cause of the casualty.

The material condition which caused plaintiff's injury was produced prior to the time of the accident by

his own act or omission. He created the unsafe place, in which to do his work, of which he complains. There was no danger of injury to plaintiff by reason of the hot water in the hole when the cover was on, but plaintiff made it dangerous by failing to replace the cover. The direct and proximate cause of the injury was the negligence of the plaintiff in leaving the hole uncovered and absent which the casualty would not have happened.

In the case of Musick v. Dold Packing Co., 58 Mo. App. l. c. 335, the Supreme Court of this State says: "It is true that if the plaintiff had not slipped his limb would not have been plunged into the hot water tank. It is equally true that though he slipped, the disaster would not have overtaken him had not the tank been uncovered. The slipping was not the sole cause of the injury. The latter would not have occurred except for the presence and coexistence of both causes.  .  .  . Since the slipping of the plaintiff was not the sole cause of the injury it matters little whether the slip was occasioned by the negligence of a fellow servant or not. It was not as has been stated the direct and proximate cause of the injury. This was the negligence of defendant in leaving the tank uncovered and unguarded in any way."

The above quotation is most applicable here and decides the question before us. [See, also, Sissel v. Railroad, 214 Mo. 526, 113 S. W. 1104; Tannehill v. Railroad, 279 Mo. 165, 213 S. W. 818; Oates v. Metropolitan St. Ry. Co., 168 Mo. l. c. 548, 68 S. W. 906; Holt-Kamp v. Railroad, 234 S. W. 1054, and cases cited.]

Respondent, however, urges that the defendant failed to provide some arrangement by which the lid over the hole could have been easily handled. There is no evidence in the record that the lid was hard to handle. It appears that the plaintiff had no difficulty in raising it and in placing it against the wall. He could as easily have replaced it. Moreover, the evidence discloses that there was no casual connection between this alleged failure and the injury. Plaintiff was not injured while

handling the lid. He had removed it and placed it against the wall and that incident was closed before his injury. The manner provided for removing and replacing the lid had nothing to do with his injury.

We are constrained to hold that the evidence was insufficient to submit the case to the jury. The peremptory instruction should have been given.

It follows that the judgment should be reversed; the commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuiit court of the city of St. Louis is accordingly reversed. *Allen*, *P. J.*, and *Becker* and *Daues*, *JJ.*, concur.